UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORENZO EUGENE WALKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH D. LEHMAN, *et al.*,<br><br>　　　　Defendants. | Case No.  C03-5613RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 29th, 2005** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the Court is defendant's motion for summary judgment. (Dkt. # 71).  Plaintiff has responded and opposes the motion. (Dkt # 78, 79, and 81).  Having reviewed the entire file     the undersigned recommends that defendant's motion be **GRANTED.**

<u>FACTUAL BACKGROUND</u>

Plaintiffs seeks damages and declaratory relief from the named defendants as a result of an alleged eight year delay in diagnosing him as diabetic.  (Dkt. # 4).  Plaintiff alleges that from 1995 until 2003 he suffered classic symptoms of diabetes. During this time frame plaintiff was repeatedly tested using a fasting blood test and random blood sugar tests.  Those tests provided negative results, plaintiff's blood sugar levels were either within the normal range or were not high enough on two tests to confirm a diagnoses.  Plaintiff

1   asserts that if a different test, the HGA1C, had been performed his condition would have been properly

2   diagnosed and he would not have had to suffer nearly eight years of painful symptoms. On May 22nd, 2003

3   plaintiff was diagnosed as an insulin dependent diabetic by staff at the Aberdeen Hospital. (Dkt. # 4). It is

4   uncontested that he has received treatment for diabetes since May 22nd, 2003.

5   Plaintiff named as defendants Joseph Lehman, Secretary of the Department of Corrections, Health Care

6   Managers Jane Robinson and Patrick Farwell, Doctor Karen Saylor from the McNeil Island Corrections Center,

7   Doctor M. Khurshid from the Stafford Creek Corrections Center, and Physicians Assistant Perry Bartram from

8   the McNeil Island Corrections Center. (Dkt. # 4). All Defendants except Perry Bartram, Aijaz Khurshid, and

9   Karen Sayler have been dismissed. (Dkt. # 38).

## DISCUSSION

A.   The Summary Judgement standard.

Pursuant to Fed. R. Civ. P. 56 (C), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (C). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc.,

REPORT AND RECOMMENDATION
Page - 2

809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. *Id.*

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson*, supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

To determine if summary judgment is appropriate, the court must consider whether a particular fact is material and whether there is a genuine dispute as to that fact left to be resolved. These considerations must be made in light of the appropriate standard of proof. Anderson, 477 U.S. at 248; see also Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1028 (9th Cir.2001) ("To be cognizable on summary judgment, evidence must be competent."). Only disputes concerning facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment. Factual disputes that are irrelevant or unnecessary will not be considered. Id. Where there is a complete failure of proof concerning an essential element of the non-moving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Federation, 497 U.S. 871 (1990) (holding that failure to "make a sufficient showing of an essential element" of one's case requires dismissal).

      B.    The Eighth Amendment standard in medical cases.

The government has an obligation to provide medical care for prisoners, and the Eighth Amendment proscribes deliberate indifference to their serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976), Such conduct is actionable under 42 U.S.C. § 1983. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

In order to establish deliberate indifference there must first be a **purposeful act or failure to act** on the part of the defendant. McGuckin, at 1060 (emphasis added). A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a section 1983 claim. Franklin v. Oregon, State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in

1  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment
2  rights. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).
3     C.   Analysis
4  Plaintiff suffers from a number of medical conditions including heart disease, hypertension, and
5  hepatitis.  He has had these conditions for several years before he was diagnosed as having diabetes.  (Dkt.
6  # 71 attached medical records and exhibits).  Over the years he had received multiple random and fasting
7  blood sugar tests.  The results of the tests did not reveal abnormal blood sugar levels and the medical
8  providers have provided affidavits indicating they had no reason to believe plaintiff was diabetic prior to his
9  being admitted to Aberdeen Hospital on March 22nd 2003.
10  In fact, the record now shows Dr. Saylor considering a blood test performed December 5th, 2001
11  which showed a normal blood glucose level.  (Dkt. # 71 exhibit 3 ¶ 13).  On March 22nd, 2003 at the
12  Aberdeen Hospital plaintiff's glucose level was extremely high.  A followup medical dictation done May
13  22nd, 2003 by a Dr. Kennedy states:

> The patient's chest discomfort began to get more worrisome as of late.  He was admitted to Community Hospital on the 22nd, earlier this morning, for angina at rest.  At present, he has had one set of enzymes which reveals a trophonin slightly elevated at .08 with a normal creatinine.  **Most surprisingly his glucose level was 420 at the emergency room there. He has no known history of diabetes**.

17  (Dkt. # 71 Exhibit 4 attachment A(Memorandum of Dr. Kennedy)(emphasis added)).  Dr. Kennedy's
18  impression was "new onset diabetes."  (Dkt. # 71 Exhibit 4 attachment A(Memorandum of Dr. Kennedy)).
19  Plaintiff argues his symptoms over the years were classic diabetes symptoms, but fails to show that
20  any named medical provider was deliberately indifferent to his condition.  The medical record reveals near
21  constant treatment for a number of conditions.  Further, the record shows a number of glucose tests being
22  given over the years which would tend to show the plaintiff was not diabetic at that time or was not
23  exhibiting objective signs of diabetes.  Plaintiff's argument that a HGA1C test was medically called for is
24  unsupported by the record now before the court.  Defendants aver the test is used to help treat diabetes
25  and it is not used as a diagnostic test for that disease.  (Dkt. # 71 exhibit 3 (affidavit of Dr. Saylor ¶ 26).
26  Plaintiff has failed to come forward with any admissible evidence to contradict defendants on this
27  point.  Thus, plaintiff has failed to show any named defendant was deliberately indifferent to his medical
28  needs or had reason to believe him to be diabetic prior to March 22nd, 2003.

At the summary judgment level a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).  Here, there is no evidence supporting plaintiff's allegations of intentional misconduct.  Accordingly, defendants are entitled to summary judgment on plaintiff's Eighth Amendment claim.

While plaintiff also attempts to raise a Fourteenth Amendment claim, this claim is deficient on its face as no amount of process could cure an Eighth Amendment violation and the record shows defendants exercising their professional judgment in treating the plaintiff.  This action should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 29th , 2005**, as noted in the caption.

DATED this 31st, day of March, 2005.


/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge