UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LORENZO EUGENE WALKER,

    Plaintiff,

v.

JOSEPH D. LEHMAN, et al.,

    Defendants.

Case No. C03-5613RJB

ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE

This matter comes before the Court on consideration of the Report and Recommendation of the Magistrate Judge. Dkt. 84. The court has considered the relevant documents, including a late-filed reply filed by plaintiff in response to defendants' motion for summary judgment (Dkt. 85), and the file herein.

PROCEDURAL HISTORY

Plaintiff filed a civil action, alleging that officials and medical employees of the Washington Department of Corrections violated his Eighth and Fourteenth Amendment rights by failing over a period of eight years to diagnose him as an insulin dependent diabetic. Defendants filed a motion for summary judgment. Dkt. 71. On March 31, 2005, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, recommending that the court grant defendants' motion for summary judgment and dismiss the case with prejudice. Dkt. 84.

On April 8, 2005, plaintiff filed Plaintiff's Reply to Defendants' Reply in Support of Summary Judgment. Dkt. 85. In the interest of fairness to plaintiff, the court has considered this document as objections to the Report and Recommendation. In his objections, plaintiff stated that (1) defendants had

ORDER
Page - 1

"ignored plaintiff's constant complaints, and the constant signs of diabetes, that the Plaintiff regularly; constantly, complained about and informed the Defendants that the Plaintiff was experiencing and suffering from and with!!"; (2) that, although he had received some diabetic screening tests, he should have been given a glucose tolerance test, which he never received; (3) he should have been given a HGA1C test, which he did not receive; (4) defendants lied in their declarations and responses to discovery when they stated that they had received training and experience in diagnosing diabetes; (5) defendants are not entitled to qualified immunity; and (6) the claims against defendants are not barred by the Eleventh Amendment. Dkt. 85.

## DISCUSSION

To establish a violation of the Eighth Amendment, plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir.1989). A medical need is serious if failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir.1988). Nor does a difference of opinion over proper medical treatment. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989). A prisoner must show that prison officials have purposefully ignored or failed to respond to the prisoner's pain or medical need in order to establish deliberate indifference. *McGuckin*, 974 F.2d at 1060.

The record shows that plaintiff received treatment for a number of medical conditions while in prison. He was screened over the years for diabetes. Plaintiff has not shown that either the glucose tolerance test or the HGA1C test would have diagnosed the condition earlier. In fact, when the condition was diagnosed, during his hospitalization for chest discomfort, the physician treating plaintiff at Aberdeen Hospital noted his impression of "new onset diabetes."

Although plaintiff stated that he had complained constantly and had constant signs of diabetes over the eight years, he has not alleged facts that would substantiate that any symptoms of diabetes were ignored. Plaintiff was tested over the years for diabetes, and those tests did not confirm the diagnosis of

diabetes. Plaintiff has not met his burden to show that any of the named defendants were deliberately indifferent to his serious medical needs. At most, plaintiff has shown that he has a disagreement with his medical providers as to the tests which should have been provided to him. Plaintiff's Eighth Amendment claim should be dismissed. Further, plaintiff has not alleged facts that would state a claim for violation of the Fourteenth Amendment.

In their motion for summary judgment, defendants contend that they are entitled to qualified immunity with regard to plaintiff's claim that his diagnosis of diabetes was delayed for eight years. Defendants in a § 1983 action are entitled to qualified immunity from damages for civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The existence of qualified immunity generally turns on the objective reasonableness of the actions, without regard to the knowledge or subjective intent of the particular official. *Id*. at 819. Whether a reasonable officer could have believed his or her conduct was proper is a question of law for the court and should be determined at the earliest possible point in the litigation. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 872-73 (9th Cir. 1993).

In analyzing a qualified immunity defense, the Court must determine: (1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and (2) whether the right was clearly established when viewed in the specific context of the case. *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001). "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*.

The constitutional right at issue in this case is the government's obligation to provide medical care for prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners. *Id*. Based upon the record in this case, as discussed above, it would not have been clear to a reasonable medical provider that failing to give additional tests to diagnose diabetes would have violated the Eighth Amendment. Defendants who personally participated in providing the medical care at issue in this case are entitled to qualified immunity.

In their motion for summary judgment, defendants also contend that the claims against the individual defendants in their official capacity are barred by the Eleventh Amendment. The Eleventh Amendment prohibits government entities and their officers from being sued in their official capacities by private parties without their consent. *See Seminole Tribe of Florida v. Florida* 116 S.Ct. 1114, 1131 (1996); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). Plaintiff has not shown that the government entities and/or their officers have consented to being sued in their official capacities. Accordingly, plaintiff's claims against the state officers in their official capacities are barred by the Eleventh Amendment.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 84), is **ADOPTED**. Defendants' Motion for Summary Judgment (Dkt. 71) is **GRANTED**. The case is **DISMISSED WITH PREJUDICE**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of May, 2005.

Robert J. Bryan
U.S. District Judge